# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| TAMMY DESMOND and MARK TRIBUANI, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. N24C-06-205 FJJ |
| TIMOTHY DESMOND and TRACY DESMOND, | ) ) ) | |
| Defendants. | ) ) ) | |

Submitted: November 15, 2024
Decided: November 21, 2024

## *OPINION*
*Upon Consideration of Defendant's Motion to Dismiss*

## DENIED.

*Charles J. Brown, III, Esquire,* Gellert, Seitz, Busenkell & Brown, LLC, Wilmington, Delaware, Counsel to Patricia Desmond, Timothy Desmond and Tracy Desmond.

*Anthony N. Delcollo, Esquire and Michael K. DeSantis, Esquire*, Offit Kurman, PA, Wilmington, Delaware, Counsel to Tammy Desmond and Mark Tribuani.

Jones, J.

1

Patricia Desmond is the mother of Tammy Desmond and Timothy Desmond. Tracy Desmond is the spouse of Timothy Desmond. Mark Tribuani is the son of Tammy Desmond. In February 2024, Patricia filed suit against Tammy, Mark, and certain PNC entities in civil action N23C-06-252. The essence of that lawsuit is that Tammy and Mark had taken financial advantage of Patricia and used Patricia's assets for their own benefit. Subsequently, Tammy and Mark filed the instant suit against Timothy and Tracy.[1] In this action, Tammy and Mark have filed a five-count complaint against Timothy and Tracy alleging Abuse of Process; Invasion of Privacy; Defamation and Defamation Per Se; and Prima Facia Tort. Essentially, Tammy and Mark complain that it is Timothy and Tracy who are taking advantage of Patricia, not Tammy and Mark. Timothy and Tracy have filed the instant Motion to Dismiss due to lack of personal jurisdiction over them in Delaware and for failure to state a claim for relief. For the reasons set forth below, Defendants' Motion to Dismiss is denied.

## STANDARD OF REVIEW

### A. Lack of Personal Jurisdiction

Upon a motion to dismiss under Rule 12(b)(2), the plaintiff bears the burden of establishing this Court's jurisdiction over the defendant.[2] A prima facie showing

---

[1] Docket Item ("D.I.") 1.

[2] *ADGS, LLC v. Emery Silfurtun, Inc.*, 2022 WL 1498433, at *3 (Del. Super. May 11, 2022) (citing *Wiggins v. Physiologic Assessment Servs., LLC*, 138 A.3d 1160, 1164 (Del. Super. Ct. 2016)).

of personal jurisdiction suffices at the pleading stage.[3] The plaintiff's well-pled allegations are taken as true, and all reasonable inferences are drawn in the plaintiff's favor.

## B. Failure to State a Claim

When reviewing a motion to dismiss under Superior Court Civil Rule 12(b)(6), the Court (i) accepts all well-pled factual allegations as true, (ii) accepts even vague allegations as well-pled if they give the opposing party notice of the claim, (iii) draws all reasonable inferences in favor of the non-moving party, and (iv) only dismisses a case where the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[4] The Court will not, however, accept "conclusory allegations that lack specific supporting factual allegations."[5]

## ANALYSIS

## A. Defendants' Motion to Dismiss Based on Lack of Personal Jurisdiction

Plaintiffs maintain that they have personal jurisdiction over the Defendants based on the following provision of the Delaware Long Arm Statute:

> As to a cause of action brought by any person arising from any of the acts enumerated in this section a court may exercise personal jurisdiction over any nonresident. Or a personal representative, who in person or through an agent: (3) Causes tortious injury in the State by an act or omission in this State.[6]

---

[3] *Id.*
[4] *See ET Aggregator, LLC v. PFJE AssetCo Holdings LLC*, 2023 WL 8535181, at *6 (Del. Super. Dec. 8, 2023).
[5] *Id.* (quoting *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998)).
[6] 10 *Del. C.* § 3104(c)(3).

According to Plaintiffs, jurisdiction is proper under 10 *Del. C.* § 3104(c)(3) because: (1) Plaintiffs allege that defendants are liable for tortious conduct including the interception and tampering of mail at plaintiffs' Delaware resident; (2) the basis of the Prima Facie Tort is the institution and maintenance of a lawsuit in Delaware; and (3) the Defamation alleged in counts three and four caused harm to the plaintiffs in Delaware.

Defendants contend they are residents of Pennsylvania and therefore this Court has no general jurisdiction over them. Defendants contend that in determining jurisdiction the Court must analyze each claim and jurisdiction must be established for each claim. Further, they assert that where there is no specific jurisdiction as to a claim that claim must be dismissed for lack of jurisdiction.

The general rule is that because defendants are Pennsylvania residents specific jurisdiction must be established as to each claim, and where there is no jurisdiction as to a particular claim that claim must be dismissed.[7] However, this Court has discretion, under the Ancillary Jurisdiction doctrine, to exercise jurisdiction to litigate a claim for which personal jurisdiction would not otherwise exist. The doctrine applies where the claim is brought along with other claims for which jurisdiction does exist and are sufficiently related to that claim to warrant

---

[7] *Ramco Asset Mgmt, LLC v. USA Rare Earth, LLC* 2023 WL 6939263 (Del. Ch. 2023).

prosecution before a single tribunal.[8] This exercise of such discretion is consistent with a policy of maximizing judicial economy and efficiency where the substantive due process right of the parties are not affected.[9]

Plaintiffs' allegation that the Defendants tampered with Plaintiffs' and Patricia's mail in Delaware satisfies a prima facie showing of personal jurisdiction under § 3104(c). The Court is further satisfied that to the extent that the Court does not have specific jurisdiction over the remaining claims that the Court should exercise its ancillary jurisdiction over the remaining claims and retain jurisdiction. The Court finds that the remaining 4 claims are sufficiently related to the invasion of privacy claim to invoke the ancillary jurisdiction of this Court. All of the claims being asserted in this case are related to the alleged actions of all the parties toward Patricia Desmond and those parties' handling of Patricia's money. The claims in this case are interrelated to the claims in the case filed by Patricia Desmond. Judicial economy and efficiency are maximized by keeping all of these claims in this Court and by consolidating the two lawsuits. On this basis the Defendants' Motion to Dismiss the instant case based on lack of jurisdiction is DENIED.

---

[8] *Capital Group Companies., Inc. v. Armour.*,1999 WL 2521295 (Del. Ch. 2004); *Fitzgerald v. Chandler et. al.* 1999 WL 1022065 (Del. Ch. 1999).
[9] *Id.*

**Defendants' Motion to Dismiss Based on Failure to State a Claim**

Defendants seek to dismiss each of the Counts asserted by the plaintiffs on the grounds that the claims fail to state a claim upon which relief may be granted.

Count I of the Complaint is the Abuse of Process claim. According to the Defendants, the Abuse of Process claim cannot be based on the initiation of process in the first instance but must be based on the wrongful use of process after it is regularly issued. Delaware case law defines an abuse of process as a "perversion of the process after it has been issued," while malicious prosecution "focuses on the initiation of that process."[10] While these definitions distinguish the two torts, abuse of process derives from malicious prosecution, and the Court has held that "a party may assert [the claims] hand-in-hand."[11] The parties' contentions about when the alleged abuse of process needs to occur is not a strong basis for whether or not the abuse of process claim has any merit.[12]

A person found liable for abuse of process is someone "who willfully uses the legal system … against another, primarily to accomplish a purpose for which the system is not designed, [and] is responsible to the person against whom the legal process was used for any harm caused by such a use."[13] A showing of abuse of

---

[10] *Adams v. Aidoo*, 2012 WL 1408878, at *13 (Del Super. Mar. 29, 2012). (quoting *Pfeifer v. State Farm,* 2011 WL 7062498, at *5 (Del. Super. Dec. 20, 2011).

[11] *Adams*, 2012 WL 1408878, at *13.

[12] *See* D.I. 10, at ¶ 7.

[13] *Adams v. Aidoo*, 2012 WL 1408878, at *4.

6

process requires "(1) an ulterior purpose, and (2) a willful act in the use of the process not proper in the regular conduct of the proceedings."[14] The "ulterior purpose" must be a "definite act or threat not authorized by the process, or aimed at an object not legitimate in the use of the process."[15]

An abuse of process claim considers a plaintiff's purpose for pursuing a lawsuit as well as "actions leading up to a defendant's initiation of legal proceedings against a plaintiff suing . . . the defendant for abuse of process in a separate legal action."[16] Plaintiffs allege that Defendants coerced Patricia to file and maintain a frivolous lawsuit to conceal the Defendants' own wrongdoings.[17] These allegations are sufficient to state a cause of action for Abuse of Process.

Defendants next maintain that the Invasion of Privacy claim in Count II should be dismissed. According to the Defendants, there are four (4) elements of the invasion of privacy claims: 1) intrusion on plaintiff's physical solitude; 2) publication of private matters violating the ordinary senses; 3) putting plaintiff in a false light in the public eye; and 4) appropriation of some element of plaintiff's personality for commercial use.[18] These are not the elements of an invasion of

---

[14] *Korotki v. Hiller & Arban, LLC*, 2016 WL 3637382, at *2 (Del. Super. July 1, 2016).

[15] *Id.*

[16] *Adams,* 2012 WL 1408878, at *5 (holding that the plaintiff's improper actions at trial amounted to an abuse of process by "addressing various grievances other than the cause of action.") (citing *Rhinehardt v. Bright*, 2006 WL 2220972 (Del. Super. July 20, 2006) (holding, in an underlying boundary dispute, police involvement prior to initiation of the suit was proper to consider in plaintiff's abuse of process claim.))

[17] D.I. 1, at ¶ 29.

[18] D.I. 5, at ¶ 8.

privacy claim.[19]  Rather, they are the four (4) different types of invasions of privacy claims.  Plaintiffs allege that Defendants took Patricia's and Plaintiffs' mail and attempted to tamper with mail delivery at Plaintiffs' home.[20]  These actions, if proven, would be sufficient to state a cause of action based on an intrusion into Plaintiffs' physical solitude and would arguably satisfy the cause of action based on publication of private matters violating the ordinary senses.  Defendants argue a proper cause of action for an invasion to privacy claim requires opening the mail in addition to interfering with it.  Defendants cite the Court to no cases suggesting that opening of the mail is a required element of the invasion of privacy claim.  This Court holds that intercepting another's mail is sufficient to constitute an invasion of privacy claim.  Defendants' motion to dismiss the invasion of privacy claims is DENIED.

Defendants maintain that the Defamation claims, in Counts III and IV, should be dismissed because the allegations are not specific enough as to these Counts. Having reviewed the complaint, specifically paragraph 22, the Court is satisfied that the Complaint identifies the substance of the defamatory communication, the party making the false allegations, and the recipient.

---

[19] D.I. 5, at ¶ 8.
[20] D.I. 1, at ¶ 36.

Finally, Defendants maintain that, like the Defamation claims, the allegations of Count V, Prima Facie Tort, are conclusory only. To establish a claim for prima facie tort, a plaintiff must allege the intentional hard infliction, resulting in damage, without excuse or justification by an act or service of acts which would otherwise be lawful, and which acts do not fall within the categories of traditional torts.[21] In paragraph 49 of the Complaint, Plaintiffs allege "in instituting and maintaining a patently false and frivolous lawsuit against the Plaintiffs, Defendants have acted with the sole desire to cause injury and damage to the plaintiffs and not with the best interests of Patricia Desmond in mind."[22] These facts are sufficient to put Defendants on notice as to the claim against them. It may very well be that this Count is encompassed within Count I. If at the conclusion of discovery it appears that the proof of this Count is the same as that is required for Count I, the Court will entertain a further motion to dismiss this Count since a requirement of prima facie tort is that there is no other tort claim available.

The factual issues raised in N23C-06-252 and N24C-06-205 are essentially the same: who, if anyone, took advantage of Patricia. At this point, the Court will consolidate the cases.[23] All further pleadings should be filed under case number N23C-06-252.

_____

[21] *Lord v. Souder*, 748 A2d 393, 403 (Del. 2000).
[22] D.I. 1, at 10.
[23] At the conclusion of discovery, the Court will consider bifurcating the cases for purposes of trial but for now the parties should assume that the cases will remain consolidated until its conclusion.

For the stated reasons, Defendants' Motion to Dismiss is **DENIED.**

**IT IS ORDERED.**

/s/ *Francis J. Jones, Jr.*
Francis J. Jones Jr., Judge


cc:    Original to the Prothonotary
Elizabeth Sloan, Esquire